**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**NELSON KENNEDY JR.,**

> Petitioner,

> v.

> **CIVIL ACTION NO.  2:18cv503**

**HAROLD W. CLARKE, Director,
Virginia Department of Corrections,**

> Respondent.

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Petitioner Nelson Kennedy Jr.'s ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 10.  The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.  The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J).  For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2014, before the Circuit Court of the City of Fredericksburg ("Trial Court"),
Petitioner pleaded guilty to shooting within an occupied dwelling, and entered *Alford* pleas to
attempted capital murder of a law enforcement officer and use of a firearm in the commission of a
felony. ECF No. 12, attach. 1 at 3. In exchange for these pleas, the Commonwealth of Virginia
moved to *nolle prosequi* charges for shooting at a marked police car, two additional counts of
attempted capital murder of a law enforcement officer, and two additional counts of use of a
firearm in the commission of a felony. *Id.*, attach. 1 at 2. The Trial Court sentenced Petitioner to
forty-three years of incarceration with twenty-three years suspended. *Id.*, attach. 2, at 3.

Petitioner did not file a direct appeal of his criminal conviction. *Id.*, attach. 7 at 1. On June
13, 2016, Petitioner filed a timely writ of habeas corpus in the Trial Court. *Id.*, attach. 7 at 2. The
Trial Court interpreted the state habeas Petition as raising the following claims: "a) [t]rial counsel
was ineffective for coercing [Petitioner] to plead guilty[1]; and b) [t]rial counsel was ineffective for
failing to adequately investigate [Petitioner's] mental health evidence as a defense." *Id.*

On December 1, 2016 the Trial Court dismissed Petitioner's state habeas Petition, finding
that both grounds of his petition lacked merit. *Id.*, attach. 7 at 9. Specifically, the Trial Court held
that trial counsel was not ineffective because Petitioner confirmed in open court that he understood
the charges against him, he made his decision to plead guilty on his own after consulting options
and defenses with his counsel, and that he had ample time to consider his decision. *Id.*, attach. 7
at 4-5. In addition, the Trial Court found that Dr. Hagan, who conducted Petitioner's pre-trial
evaluation, opined that Petitioner "can recall facts, understands the severity of his legal

---

[1] Petitioner also alleged in his state and federal habeas petitions that his guilty plea was not knowingly and voluntarily
given, and thus, it was obtained in violation of due process. ECF No. 12, attach. 3 at 5. The Trial Court chose to
address this allegation within claim (a). *Id.*, attach. 7 at 4-7.

circumstances, and has the capacity to know about his procedural protections and the risk of proceeding at trial." *Id.*, attach. 7 at 7. Thus, the Trial Court held that the trial counsel had no good faith basis to advance a defense based on Petitioner's mental health. *Id.*, attach. 7 at 8.

On June 1, 2017, Petitioner filed a motion for leave to file a delayed notice of appeal in both the Trial Court, and the Supreme Court of Virginia. *Id.*, attach. 12 at 1; *id.*, attach. 10 at 1. On June 9, 2017, the Respondent filed a motion to deny Petitioner's motion in the Trial Court, arguing that the Petitioner's appeal was time-barred because he filed his appeal beyond the sixty-day requirement pursuant to Va. Code Ann. 8.01-428(c) and that Petitioner did not demonstrate the requisite diligence to overcome that requirement. *Id.*, attach. 11 at 3. On July 21, 2017, the Supreme Court of Virginia denied the Petitioner's motion for leave to file a delayed notice of appeal. *Id.*, attach. 13.

On September 24, 2018, Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief, raising the same claims in his state habeas petition. ECF No. 1. On March 4, 2019, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF. Nos. 10-13. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

1. Statute of Limitations under the AEDPA

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')."

3

*Gilmore v. Ballard*, No. 2:09-CV-00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009),

*report and recommendation adopted in part*, No. CIV.A. 2:09-00041, 2010 WL 1286891 (S.D.W.

Va. Mar. 26, 2010).  As Respondent notes, this case is governed by the limitation period set forth

in the AEDPA.  ECF No. 12 at 5.  The applicable section of the AEDPA provides, in pertinent

part, that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of -
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by
>> State action in violation of the Constitution or law of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court and made retroactively applicable to cases
>> on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented
>> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) of the AEDPA further provides that "[t]he time during

which a properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection."  28 U.S.C. § 2244(d)(2).  Therefore, Section 2254 petitions such as the

instant Petition are subject to a one-year statute of limitations and must be dismissed if they are

filed later than one year after the expiration of the time to seek direct review of the highest state

court's decision by the Supreme Court of the United States.  *See* 28 U.S.C. § 2244(d)(1)(A).

    2. The Petition is untimely.

    In the instant matter, the Trial Court entered its judgment on June 19, 2014.  ECF No. 12,

attach. 1 at 3.  Petitioner had thirty days to appeal his criminal conviction.  Va. Code Ann. § 8.01-

675.3 (2019). Since the Petitioner did not direct appeal his criminal conviction, the judgment

became final on July 19, 2014.[2] Applying the one-year AEDPA deadline, Petitioner's statute of

limitations for filing a petition for federal habeas corpus relief expired on July 19, 2015.[3] The

instant Petition was filed August 2, 2018 which is 1475 days (or 4 years and 14 days) after the

time for filing a federal habeas petition began to run on July 19, 2014, and consequently, 1110

days (or 3 years and 14 days) beyond the 365 day (one year) deadline provided by the AEDPA.[4]

Unless Petitioner is entitled to application of either statutory tolling or equitable tolling, the

untimeliness of the Petition bars this Court's review of the same.

    3. <u>Petitioner is not entitled to statutory tolling.</u>

    As explained in Part II.1, *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of

the federal one-year statute of limitations during the pendency of a "properly filed" state habeas

petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.").

---

[2] Petitioner does not allege facts on which his federal filing period could be calculated under any other subsection of § 2244(d) than subsection (d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (the one-year limitation period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

[3] Although Petitioner's state habeas Petition was not properly filed for purposes of tolling the AEDPA's one-year statute of limitations, it was timely under Virginia law. VA. CODE ANN. § 8.01-654(A)(2) (allowing a two-year statute of limitations for criminal convictions that were not directly appealed).

[4] Although the Petition was received by the United States District Court for the Eastern District of Virginia in the Norfolk Division on September 13, 2018, and not filed until September 24, 2018, the undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), appeal dismissed, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

The undersigned finds that the benefits of statutory tolling (pursuant to 28 U.S.C. § 2244(d)(2)) are unavailable to Petitioner. Petitioner's one-year AEDPA period began when direct review of Petitioner's case concluded on July 19, 2014 and ended one-year later on July 19, 2015. Petitioner did not file his state habeas petition until June 13, 2016—which, although timely pursuant to state statute of limitations, was already beyond the one-year statute of limitations for AEDPA purposes. *See* Va. Code Ann. § 8.01-654(A)(2) (allowing a two-year statute of limitations for criminal convictions that were not directly appealed). Because Petitioner filed his state habeas petition after the AEDPA statute of limitations had already passed, his properly filed state habeas petition does not entitle him to any statutory tolling pursuant to 28 U.S.C. § 2244(d)(2)).[5]

Having determined that statutory tolling is unavailable to Petitioner, the undersigned considers Petitioner's final refuge: equitable tolling.

4. Petitioner is not entitled to equitable tolling.

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). In the Fourth Circuit, that means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship

---

[5] Moreover, even if the Court considered the state court habeas petition to have somehow tolled the one-year statute of limitations under AEDPA, that petition was finally resolved by the Supreme Court of Virginia on July 21, 2017, and Petitioner did not file the instant petition until more than one year later, on September 24, 2018.

between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Rashid v. Clarke*, No. 1:18CV262 (TSE/MSN), 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner acknowledges that the Petition is untimely and requests equitable tolling. Specifically, Petitioner contends that:

> I was prevented from filing my state petition earlier due to counsel's repeated refusal's [sic] to provide the trial record to me of which I discovered evidence supporting the allegations made in this petition. The issue relevant to this case concerns counsel's conduct, which was not discovered until counsel forwarded to me my trial record after multiple requests and complaints to the Virginia State Bar.

ECF No. 1 at 11. However, Petitioner does not provide any specific details about what steps he took to diligently pursue his federal habeas claim, including relevant dates in which he tried to communicate with counsel, any correspondence between him and counsel, and any documentation regarding his complaints to the Virginia State Bar. *See* ECF No. 1 at 11. Moreover, it cannot be said that Petitioner diligently pursued his rights when he waited over one year after the dismissal of his state habeas petition to file the instant petition—both of which are based on the same allegations.

What is more damaging to Petitioner's claim is that he has not demonstrated an extraordinary circumstance that warrants equitable tolling. Courts in the Fourth Circuit have consistently found that "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an *inability to secure court documents* do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F.Supp.2d 6, 10 (E.D.N.Y 2002)) (emphasis added); *Harris v.*

*United States*, No. 1:17-CR-106 (TSE), 2019 WL 3241170, at *5 (E.D. Va. July 17, 2019); *Provost v. Clarke*, No. 3:18CV132, 2018 WL 6681206, at *5 (E.D. Va. Dec. 19, 2018).

Even assuming there was a delay in receiving the trial record from counsel and that an inability to secure court documents is an extraordinary circumstance, Petitioner has not stated sufficient facts to demonstrate a causal relationship between the delay and the lateness of filing. The Trial Court found that "[Petitioner]'s counsel discussed competency to stand trial, competency at the time of the offenses, and any possible defenses that [Petitioner] may have had with him before [Petitioner] entered his pleas." ECF No. 12, attach. 7 at 5. Thus, the evidence suggests that the information in the trial record that Petitioner sought had already been discussed with him by his attorney prior to entering his plea.[6] Without more specificity, Petitioner cannot demonstrate a causal relationship between the inability to get the trial record and the lateness in his filing.

Although the Supreme Court has made clear that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, 560 U.S. 631, 634 (2010) (citing 28 U.S.C. § 2244(d)), on this record, the undersigned finds that Petitioner fails to establish that such tolling should be applied to excuse his delayed filing of the instant Petition.

The undersigned's reluctance to find that Petitioner has demonstrated entitlement to equitable tolling is further informed by the Fourth Circuit's recognition that equitable tolling is to be applied only in rare circumstances. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

---

[6] Petitioner does not state specifically what evidence in the trial record formed the basis of his state and federal habeas petitions. ECF No. 1 at 11. However, a reasonable inference could be drawn that this evidence was Dr. Hagan's pre-trial psychological evaluation, which is attached to the Petition, as Petitioner cited no other evidence from the trial record in both Petitions. ECF No. 1 at 8; ECF No. 12, attach. 3 at 8-9.

Ultimately, Petitioner has failed to demonstrate that application of equitable tolling is warranted. To hold otherwise would run afoul of the Supreme Court's "historic limitation of equitable tolling to extraordinary circumstances beyond a petitioner's control." *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014). Accordingly, the undersigned **FINDS** that Petitioner did not timely file the instant Petition and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on the basis of Respondent's timeliness argument.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss and Rule 5 Answer, ECF No. 10, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985);

9

*Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 26, 2019